[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the Court as a hearing in damages. This Court previously granted the Plaintiff, Squillante Enterprises, Inc., summary judgment as to liability only against the defendant, Jozef Juck. In granting said summary judgment, this Court found that Squillante was the lawful holder of a judgment rendered against Juck on September 22, 1988 in the State of Texas. This court has found, in granting said summary judgment, that the said Texas judgment is entitled to full faith and credit and is entitled to be enforced in Connecticut.
The hearing in damages was held before the Court on January 28, 2000. Post-hearing legal memoranda have been submitted by counsel for the plaintiff, counsel for the defendant and by the defendant himself with the last such memorandum having been submitted to and received by the Court on March 20, 2000.
At the hearing in damages, E. Jeffrey Dollinger testified on behalf of the plaintiff. Do linger testified that the plaintiff is the current holder of the Texas judgment, that no payments have been made on the CT Page 7310 judgment and that the full amount of the Texas judgment in the amount of $1,641,389.25 remains due and owing together with post-judgment interest of 10% per annum. No other witnesses were offered on behalf of the plaintiff.
The parties stipulated at trial that the original Texas judgment had entered in favor of Commodore Savings Bank and against the defendant, Juck. The parties additionally stipulated that nothing had been paid on the Texas judgment since it entered against Juck.
Juck testified in his own defense, however, that the debt to Commodore was satisfied by certain collateral that was taken over by Commodore some two years prior to the entry of the Texas judgment. The collateral consisted of certain furniture, fixtures and equipment listed in the security agreement that was entered into evidence as Defendant's Exhibit B at the hearing in damages.
Juck further testified that his debt to Commodore was additionally satisfied by the pledge of a certain Note from Boulevard McKinney Joint Venture, Ltd. to Jozef's Restaurant, Inc., for which there is a Release and Assignment of Lien which Release and Assignment of Lien was received in evidence as defendant's Exhibit A at the hearing in damages.
Juck testified that he did not know if any money was paid to Bluebonnet Savings Bank, the then holder of the Texas judgment in October of 1994 for the release of the lien and assignment of the Boulevard McKinney Note. No proof of any payment of the Texas judgment was offered at the hearing. No proof of the value of any of the collateral that Juck claims satisfied the debt was offered at the hearing. No proof was provided of any payment of any kind received by Bluebonnet for issuance of the release and assignment.
Juck would urge this Court to conclude though that because certain collateral is alleged to have been taken over by Commodore at some time prior to the entry of the Texas judgment and because Bluebonnet Savings Bank issued a release of lien and assignment at some point subsequent to the entry of the Texas judgment, that the Texas judgment must have been satisfied. Such an argument and such a defense, as has been pointed out by the Plaintiff, is lacking both a factual and a legal basis.
The Court finds the issues in this matter for the Plaintiff. The Court specifically finds that the testimony of Joseph Dolfinger was credible and reliable. The Court finds that the debt and the judgment due to the Plaintiff remain wholly unsatisfied. The Court finds further that the testimony of the Defendant, Juck, was not credible and that no evidence has been offered by the defense that would cause the Court to believe CT Page 7311 that any payments of any kind have been made by or on behalf of the defendant so as to reduce the amount due and owing to the Plaintiff. Moreover, any defense or set-off that Juck may have had as of September 22, 1988 was barred by entry of the Texas judgment.
Accordingly, judgment may enter in favor of the plaintiff and against the defendant in the full amount of the Texas judgment, $1,641,389.25, plus post-judgment interest at the rate of 10% per annum as is provided in said Texas judgment, from September 22, 1998 through the date hereof.
BY THE COURT
CARROLL, J.